UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VIOLA J. WILLIAMSON                                                                              PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 4:11cv00042-DPJ-FKB

WAYNE COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, ET AL.                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

On March 14, 2011, Plaintiff Viola J. Williamson, filed a complaint in this Court alleging that she was wrongfully forced to resign from her teaching position with Defendants. On the same date, Plaintiff filed a Motion to Proceed In Forma Pauperis (Docket No. 2) requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court and the unsworn information filed by Plaintiff, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff has a monthly income of $1,988.74, while her spouse has a monthly income of $544.85, and they have combined monthly expenses of $2,354. Plaintiff owns a vehicle and has one 20 year old dependent.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);

> Is access to the courts blocked by the imposition of an undue

>hardship?  Startti v. United States, 415 F.2d 1115 (5th Cir. 1969); and,

>Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, a motor vehicle, and a monthly income.  Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff will be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before December 12, 2011.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by December 12, 2011, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile

<u>Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the __12th__ day of September, 2011.

                      _____/s/ F. Keith Ball_____
                      UNITED STATES MAGISTRATE JUDGE